UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILIANS ALCIDES PEREZ PEREZ, | No.  1:26-cv-01675-DAD-CSK | ZU |
|---|---|---|
| Petitioner, | | |
| v. | ORDER RELATING AND REASSIGNING CASES | |
| WARDEN OF CALIFORNIA CITY CORRECTIONS CENTER, et al., | | CC FC |
| Respondents. | | |
| WILIANS ALCIDES PEREZ PEREZ, Petitioner, | No. 2:26-cv-01303-TLN-JDP | AI |
| v. | **New Case No. 2:26-cv-01303-DAD-CSK** | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al. | | CC FC |
| Respondents. | | |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

/////

1

Petitioner, proceeding through counsel, filed a petition for writ of habeas corpus on February 28, 2026. (1:26-cv-01675-DAD-CSK Doc. No. 1.) Petitioner, proceeding *pro se*, filed a successive petition on April 3, 2026. (2:26-cv-01303-TLN-JDP Doc. No. 1.) On April 6, 2026, respondents filed a notice of duplicative petition in case number 2:26-cv-01303-TLN-JDP, in which they argue the second-filed petition should be dismissed. The court notes, however, that a successive petition may be treated as a motion to amend. *Woods v. Carey*, 525 F.3d 886, 888–90 (9th Cir. 2008) (holding that a successive *pro se* habeas petition should be treated as a motion to amend). This case presents a different situation than that which was presented in *Woods* because, here, petitioner is represented by counsel in one of his cases. It does not appear from the docket that petitioner's counsel has been made aware of the second-filed petition. Therefore, the court will not dismiss the second-filed petition at this time but rather will allow petitioner and his counsel have an opportunity to respond.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases. The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a savings of judicial effort. L.R. 123(c). Such good cause appearing here, the court will order that 2:26-cv-01303-TLN-JDP is reassigned to the undersigned and Magistrate Judge Chi Soo Kim. The caption on documents filed in the reassigned case shall be shown as: 2:26-cv-01303-DAD-CSK.

Accordingly,

1.  The Clerk of the Court is directed to file this order in each of the above-referenced cases;

2.  The Clerk of the Court is directed to reassign case 2:26-cv-01303-TLN-JDP to District Judge Dale A. Drozd and Magistrate Judge Chi Soo Kim and the caption on documents filed in the reassigned case shall be shown as: 2:26-cv-01303-DAD-CSK;

/////

2

3.  Petitioner's counsel is DIRECTED to file a status report no later than April 20, 2026 informing the court whether petitioner requests that the court construe the second-filed petition as a motion to amend the first-filed petition;

4.  It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

IT IS SO ORDERED.

Dated:   **April 13, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE