UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILIANS ALCIDES PEREZ PEREZ,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY
CORRECTIONS CENTER,

Respondents.

No. 1:26-cv-01675-DAD-CSK

ORDER GRANTING MOTION TO
WITHDRAW AS COUNSEL OF RECORD
FOR PETITIONER

(Doc. No. 17)

This matter is before the court on the motion to withdraw as counsel of record for petitioner Wilians Alcides Perez Perez by attorney Nancy Juarez. (Doc. No. 17.)  For the reasons explained below, the court will grant attorney Juarez's motion.

**BACKGROUND**

On February 28, 2026, petitioner, proceeding with counsel Juarez, filed a petition for writ of habeas corpus and a motion for temporary restraining order or preliminary injunction. (*Perez Perez v. Warden, California City Corrections Center et al.*, 1:26-cv-01675-DAD-CSK ("*Perez Perez I*") Doc. Nos. 1, 2.)  On March 5, 2026, the court granted petitioner's request for a preliminary injunction in part, ordered respondents to provide petitioner with a bond hearing, and referred the habeas petition to the assigned magistrate judge. (*Perez Perez I,* Doc. No. 10.)  On March 13, 2026, respondents filed a status report informing the court that on March 10, 2026, a

1

bond hearing was scheduled for petitioner but petitioner withdrew his request because he did not have an attorney present.  (*Perez Perez I,* Doc. No. 11.)

On April 3, 2026, petitioner, proceeding *pro se* filed a second petition for writ of habeas corpus.  (*Perez Perez v. Warden, California City Correctional Center*, 2:26-cv-01303-DAD-CSK ("*Perez Perez II*") Doc. No. 1.)  On April 20, 2026, petitioner's counsel filed the pending motion to withdraw as petitioner's attorney of record in the first filed habeas action.  (*Perez Perez I,* Doc. No. 17.)

On May 12, 2026, petitioner moved to dismiss *Perez Perez II* without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).  (*Perez Perez II,* Doc. No. 10.)  That same day, petitioner attempted to file a *pro se* motion to dismiss *Perez I*.  (*Perez I* Doc. No. 20.)

On May 14, 2026, the court granted petitioner's motion to dismiss *Perez Perez II*.  (*Perez Perez II,* Doc. No. 11.)  The court denied petitioner's *pro se* motion to dismiss *Perez Perez I* as an improper filing by a represented party.  (*Perez Perez I,* Doc. No. 21.)  On May 20, 2026, petitioner attempted to file additional *pro se* motions, including motions to dismiss, in *Perez Perez I*, however the *pro se* filings were not docketed due to petitioner's represented status.  In the unfiled motions, petitioner requests that the court allow attorney Juarez to withdraw and allow petitioner to proceed *pro se*.  Respondents have not filed an opposition to attorney Jaurez's pending motion to withdraw.

**LEGAL STANDARD**

An attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d).  Rule 1.16(a) of the California Rules of Professional Conduct provides several

2

grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).

In contrast, withdrawal is not mandatory if it is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, in which case the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

## DISCUSSION

Attorney Juarez argues that the court should allow her to withdraw because petitioner's decision to file his own pleadings initiating and pursuing a second habeas action without consultation with his attorney has rendered continued representation unreasonably difficult. (*Perez Perez I* Doc. No. 17 at 1.) Attorney Juarez further argues that withdrawal will not prejudice petitioner because he is representing himself in the second-filed case, she has served a copy of the motion to withdraw on petitioner, and the first-filed petition is submitted on the record before the court without additional briefing to be filed.[1] (*Id.* at 1–2.) Attorney Juarez does not cite any legal authority in support of her arguments advanced in support of the motion to withdraw. Still, attorney Jaurez has attempted to mitigate any prejudice to petitioner by informing him of her motion to withdraw. *See Tulare Golf Course, LLC v. Vantage Tag, Inc.*, No. 1:21-cv-00505-JLT-SKO, 2024 WL 3361114, at *2 (E.D. Cal. July 8, 2024) (finding that the

---

[1] The court observes that attorney Juarez's assumption that the first filed petition is submitted on the record without further briefing is incorrect. The petition has been referred to the assigned magistrate judge, where it remains pending. (*Perez Perez I* Doc. No. 10.) Should the magistrate judge issue findings and recommendations regarding the habeas petition, petitioner and respondents will have the opportunity to file objections thereto. *See* Local Rule 304.

withdrawing attorney took reasonable steps to avoid prejudice by serving his client with a copy of his motion to withdraw and informing it of opposition and hearing deadlines).  As for prejudice to other parties, the court observes that respondents have not filed an opposition to the motion, suggesting that withdrawal will not prejudice them.

Further, petitioner has informed the court that he requests that the court grant attorney Juarez's motion to withdraw.  As noted above, pursuant to California Rule of Professional Conduct 1.16(a)(4), an attorney shall withdraw if she or he is discharged by the client.  Therefore, the court will grant attorney Juarez's motion to withdraw.[2]  *See Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395 (9th Cir. 1988) ("[A] client's power to discharge an attorney, with or without cause, 'is absolute.'") (quoting *Fracasse v. Brent*, 6 Cal.3d 784 (1972)).

For the reasons above,

1.   The motion to withdraw as counsel of record filed by attorney Nancy Juarez (Doc. No. 17) is GRANTED;

2.   Attorney Nancy Juarez shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of any unearned fees;

/////

---

[2] Petitioner attempted to voluntarily dismiss this habeas petition, "to allow Petitioner the opportunity to reorganize his legal strategy and prepare his claims for potential future litigation." (*Perez I* Doc. No. 20 at 1.)  As noted above, this motion was denied as an improper *pro se* filing by a represented party.  Petitioner is cautioned that any subsequent voluntary dismissal of this case may very well "operate as an adjudication on the merits" such that petitioner will not be permitted to pursue another habeas petition "based on or including the same claim" as the claim asserted in this petition.  Federal Rule of Civil Procedure 41(a)(1)(B); *see also Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024) ("There are four requirements that must be met to trigger the two-dismissal rule: (1) the plaintiff voluntarily dismissed an action in either state or federal court, (2) thereafter the plaintiff voluntarily dismissed a second action pending in *federal* court, (3) the two dismissals concerned the same claim, and (4) the plaintiff seeks to raise the twice-dismissed claim again in federal court.")  Petitioner may, of course, notify the immigration court that he wishes to renew his request for a bond hearing pursuant to this court's previous order in petitioner's first-filed action (*Perez I* at Doc. No. 10).  Petitioner may also elect to file a motion to enforce the court's prior order if he believes that respondents have otherwise failed to comply with the court's order in the first-filed habeas action (*Perez I* at Doc. No. 10).

3. Petitioner may have new counsel file a substitution of attorney and appear as his counsel of record in this case but until or unless new counsel does so, petitioner is substituted in *pro se* in this action and is directed that as a petitioner now proceeding *pro se* in this action he is required to comply with the Federal Rules of Civil Procedure, the Local Rules of this court, and all orders of this court;

4. The Clerk of the Court is directed to TERMINATE attorney Nancy Juarez as the counsel of record for petitioner; and

5. The Clerk of the Court is also directed to ENTER the following contact information as the address of record for petitioner who is now proceeding *pro se* in this action:

> Willians Alcides Perez Perez
> A#221-492-611
> California City Corrections Center
> P.O. Box 2513
> California City, CA 93505

6. The Clerk of the Court is directed to SERVE this order on petitioner by mail at the address of record listed above.

IT IS SO ORDERED.

Dated:   **May 22, 2026**

_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5