UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIANS ALCIDES PEREZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY CORRECTIONS CENTER, et al.<br><br>Respondents. | No. 1:26-cv-01675-DAD-CSK<br><br>ORDER DENYING PETITIONER'S MOTION TO VOLUNTARILY DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)<br><br>(Doc. No. 23) |

Petitioner is proceeding with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner was represented by counsel when he filed his petition on February 28, 2026, but this court granted counsel's motion to withdraw on May 22, 2026, and petitioner now proceeds *pro se* in this habeas action. (Doc. No. 22.) On May 26, 2026, the court received petitioner's *pro se* motion seeking to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 23.) This motion was signed on May 18, 2026. (*Id.* at 3.) Therein, petitioner requests that the court dismiss this petition without prejudice, allowing him to re-file his claims in the future. (*Id.*) Respondents have not filed an opposition or statement of non-opposition to petitioner's motion.

1

Rule 41(a)(2) states that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Granting or denying a Rule 41(a)(2) dismissal is within the district court's sound discretion. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). For the reasons explained below, the court does not consider dismissal proper under these circumstances.

First, petitioner may not dismiss this case pursuant to Rule 41(a)(1)(A)(i) because respondents have filed a response to the petition (Doc. No. 7). Additionally, the parties have not stipulated to a dismissal pursuant to Rule 41(a)(1)(A)(ii).

Second, assuming the prison mailbox rule applies, it appears that petitioner filed this *pro se* motion to dismiss prior to the court's order relieving his counsel. The prison mailbox rule states that a motion is deemed "filed" by an inmate on the date it is delivered to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The prison mailbox rule "applies to *pro se* federal habeas petitions." *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023); *see also Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 2:23-cv-0849-SCR-P, 2025 WL 755698 (E.D. Cal. Mar. 10, 2025), *report and recommendation adopted,* No. 2:23-cv-00849-TLN-SCR, 2025 WL 1151006 (E.D. Cal. Apr. 18, 2025) (applying the prison mailbox rule to an immigration related habeas petition). While petitioner's motion to dismiss does not state that it was delivered to prison authorities for mailing on May 18, 2026, petitioner signed and dated the motion that day and nothing before the court suggests that the motion was mailed after May 22, 2026, when the court issued its order granting counsel's motion to withdraw. Thus, petitioner's *pro se* motion to dismiss was improperly filed because he was still represented by counsel when he filed the motion. *See Riel v. Warden, San Quentin State Prison*, No. 2:01-cv-0507-MCE-DB, 2023 WL 2413825, at *1 (E.D. Cal. Mar. 8, 2023); *United States v. Brayshaw*, No. 2:14-mc-00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Rule 11, a party "cannot both be represented and file her own motions").

Finally, petitioner requests that the requested dismissal be without prejudice so that he may re-file his claims in the future. (*Id.*) On May 12, 2026, petitioner moved to voluntarily dismiss a separate, subsequently filed habeas petition challenging his current detention and

2

presenting the same claims as are asserted in this action.[1]  (*Perez Perez v. Warden, California City Correctional Center*, 2:26-cv-01303-DAD-CSK ("*Perez Perez II*") Doc. No. 10.)  The court granted that motion and dismissed the claims without prejudice pursuant to Rule 41(a)(2) on May 14, 2026.  (*Perez Perez II* Doc. No. 11.)  The court finds that dismissal without prejudice under these circumstances would not be proper because petitioner has requested this dismissal so that he may re-file his claims in the future.  In this case, the court has already ruled on petitioner's motion for temporary restraining and preliminary injunction, and respondents have filed responsive briefing, as well as a motion to dismiss all respondents other than petitioner's immediate custodian.  (*See* Doc. Nos. 6, 7, 10.)  At this stage of this case, dismissal without prejudice would unnecessarily prolong litigation.  Therefore, the court will decline to exercise its discretion to dismiss this action without prejudice so that petitioner may re-file his claims in the future.  *Cf. Cramton v. Grabbagreen Franchising LLC*, No. 17-cv-04663-PHX-DWL, 2021 WL 5493439, at *3 (D. Ariz. Nov. 23, 2021) (noting a general rule that "a district court will grant a plaintiff's motion to dismiss where the motion is to dismiss with prejudice[]"), *motion for relief from judgment granted,* No. 17-cv-04663-PHX-DWL, 2021 WL 12311757 (D. Ariz. Nov. 29, 2021).

Accordingly, petitioner's motion to voluntarily dismiss (Doc. No. 23) is DENIED without prejudice.  The petition for habeas corpus (Doc. No. 1) and respondents' motion to dismiss (Doc. No. 6) are re-referred to Magistrate Judge Chi Soo Kim for further proceedings.

IT IS SO ORDERED.

Dated:   **June 10, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  Both of the petitioner's habeas petitions allege that his detention, which began on January 27, 2026, violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at ¶¶ 27–33; *Perez Perez II* Doc. No. 1 at 8–9.)

3