UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIANS ALCIDES PEREZ PEREZ (A-221-492-611),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY CORRECTIONS CENTER, et al.,<br>Respondents. | No. 1:26-cv-01675 DAD CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is an immigration detainee, proceeding pro se, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, this Court recommends that this action be dismissed as moot.

On February 28, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus challenging his immigration detention and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 5, 2026, the district court converted petitioner's motion for a temporary restraining order to a motion for a preliminary injunction and granted the motion. (ECF No. 10.) The district court ordered respondent to provide petitioner with a bond hearing within ten days of the date of the order and referred this action to the undersigned. (Id.) On May 22, 2026, the district court granted the motion to withdraw filed by petitioner's counsel. (ECF No. 22.) On June 11, 2026, the district court denied petitioner's motion to voluntarily dismiss this action without prejudice. (ECF No. 24.) On June 22, 2026, the order filed June 11, 2026 was

returned unserved on petitioner and marked not deliverable as addressed. (See docket.) On July 9, 2026, this Court ordered respondents to file a status report addressing petitioner's status by 5:00 p.m. on July 14, 2026. (ECF No. 25.) On July 10, 2026, respondents filed a status report stating that petitioner was removed on June 12, 2026. (ECF No. 26.)

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision." Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" Id. Given that petitioner has been removed, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pere1675.157.imm/2